449 So.2d 154 (1984)
STATE of Louisiana
v.
James N. PRUITT.
No. KA 1522.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
*155 William Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
John W. Porterfield, Baton Rouge, for defendant-appellant.
Before REDMANN, C.J., and KLEES and BYRNES, JJ.
BYRNES, Judge.
Defendant was charged by bill of information, with committing a crime against nature in violation of LSA-R.S. 14:89(A)(2), by soliciting oral sex from a female undercover assistant district attorney. He was found guilty as charged by a six member jury and sentenced to 2 years in parish prison with credit for time served. The sentence was suspended and he was placed on one year's active probation, fined $1,000.00 plus $74.00 court costs and ordered to stay out of the French Quarter.
On appeal defendant makes one assignment of error. He contends that the trial court erred in disallowing expert testimony as to whether or not oral sex between a man and a woman was unnatural.

FACTS
On February 9, 1983 Jenifer Olinde, an assistant district attorney, was assigned to do undercover work in the French Quarter. She was backed up by two police officers. Olinde was standing on the corner of St. Ann and Dauphine when the defendant, James Pruitt, stopped his truck and motioned to her. He opened the door and asked Olinde to get in the truck. The defendant then asked Olinde if she was working to which she replied yes. Pruitt then offered Olinde twenty-five dollars to have oral sex with him. Olinde then gave a signal to the back up officers and they came to the truck and arrested Pruitt for solicitation "with the intent to engage in unnatural carnal copulation for compensation". LSA-R.S. 14:89(A)(2).
Defendant argues that his expert witness should have been allowed to testify regarding the definition of unnatural carnal copulation. At trial the defendant attempted to prove that oral sex between a man and a woman was not unnatural and thus could not constitute a crime against nature.
Defendant had subpoened Dr. Ray Swann as an expert witness on this issue. Counsel for defendant was forced to ask for a continuance when Dr. Swann, was taken ill and hospitalized for emergency surgery. The state then made an oral motion in limine seeking to prohibit Dr. Swann from testifying. The court ordered both sides to file briefs and subsequently granted the state's motion. We reverse.
RS 14:89 defines crime against nature as;
The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.

*156 2. The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation. (Emphasis added)
The term unnatural carnal copulation has been given meaning by judicial interpretation rather than by legislation. It is this jurisprudential definition of the term which has enabled R.S. 14:89 to withstand constitutional attacks based on vagueness. See State v. Phillips, 365 So.2d 1304 (La.1979) and State v. Bonnano, 245 La. 1117, 163 So.2d 72 (1964). However, a review of reported cases dealing with the scope of the offense of crime against nature has revealed that none have dealt with the factual situation presented by the present case. Indeed it appears that all previously reported cases dealing with this crime involved homosexual encounters. Thus any statement in prior cases which purported to include heterosexual oral sex in the definition of unnatural carnal copulation would be dicta and not controlling in this case.
We have concluded that fairness to the defendant requires that he be given the opportunity to present expert testimony concerning whether or not oral sex between a man and a woman is unnatural. The expert testimony of Dr. Swann would have been both relevant and material. By denying defendant the opportunity to present this testimony he has been effectively denied his right to present a defense.
For the foregoing reasons defendant's conviction is reversed and his case remanded for a new trial not inconsistent with this opinion.
REVERSED AND RENDERED.
REDMANN, C.J., dissents in part with reasons.
REDMANN, Chief Judge, dissenting in part.
If the question whether heterosexual fellatio is "unnatural carnal copulation" is a question of law, then defendant may not introduce evidence on the question.
If that question is not one of law but of fact, then defendant need not introduce evidence because the district attorney did not. Defendant does not have the burden of proving his innocence.
Thus defendant either may not, or need not, introduce evidence on the naturalness of fellatio.
Defendant's conviction should nevertheless be reversed. Defendant has not been proven guilty of the charge of crime against nature within La.R.S. 14:89 A(2):
"Crime against nature is:
"(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation." (Emphasis added.)
The evidence in this case is that defendant, driving a small truck, five times passed the French Quarter corner on which a female assistant district attorney stood in the rain at 9:30 p.m. ("I imagine," she testified, her actions gave her the "appearance of being a street-walker".) On a sixth pass, defendant finally stopped, "rolled down his window and asked me to come over.... I walked over there .... And he asked me, he said `Are you working?' And I said, `Yes.' And he said, `I'll give you $25 for a blow job.'"
There is no evidence that defendant either solicited, or had the intent to engage in copulation, for compensation. A solicitor who intends to engage in copulation for compensation intends to be paid for sex, not to pay for sex. The statute does not read "solicitation of another to engage in" sex for compensation, but "solicitation... of another with the intent [on the part of the soliciter] to engage in" sex for compensation.
The pari materia statute on prostitution, R.S. 14:82, is instructive both because it uses the same "for compensation" phrase and because its definition (like that of crime against nature) includes not only (a) the completed act but also (b) the solicitation for the act:
"Prostitution is:
"(a) The practice by a person of indiscriminate sexual intercourse with others for compensation.

*157 "(b) The solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation."
That prostitution statute was amended in 1977 to be gender-neutral in the sense that it penalizes both male and female prostitutes. But the statute was not made gender-neutral in the sense that it would penalize both a prostitute of either gender and a customer of either gender (whatever the moral rightness of treating both similarly). The statute penalizes only the prostitute and not the customer. Only the prostitute engages in the "practice ... [of] intercourse... for compensation." Only the prostitute engages in "solicitation ... with the intent to engage in ... intercourse ... for compensation": only solicitation to sell is defined as prostitution by the statute.
Similarly, the legislature defines only solicitation to sell as crime against nature in R.S. 14:89 A(2). The statute penalizes "solicitation... with the intent to engage in unnatural carnal copulation for compensation," for pay. Only an offeror-to-sell solicits with the intent to engage for compensation; only solicitation to sell meets the statutory definition of crime against nature.
The evidence is not that defendant asked the female assistant district attorney to pay him to let her perform fellatio upon him, but that he offered to pay her for that performance. That is not crime against nature as defined by La.R.S. 14:89 A(2).
Perhaps it should be. But whether or not it should be is a question for the legislature, and not for the courts.
Defendant's conviction should be reversed and he should be ordered discharged.