482 So.2d 820 (1986)
STATE of Louisiana
v.
James PRUITT.
No. KA-2918.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Rehearing Denied February 26, 1986.
*821 John W. Porterfield, Dirks & Porterfield, Baton Rouge, for defendant-appellant James Pruitt.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maria Lazarte Reuther, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of La.
Before BYRNES, WARD and HUFFT, JJ.
WARD, Judge.
James N. Pruitt was convicted of a felony, crime against nature, for soliciting fellatio from a female undercover police agent. The conviction was reversed by this Court because the Trial Judge denied Pruitt the opportunity to present expert testimony on the issue of whether heterosexual oral sex is unnatural. State v. Pruitt, 449 So.2d 154 (La.App. 4th Cir. *822 1984). After a second trial, Pruit was again convicted and sentenced to two years at hard labor, suspended, and one year active probation. We affirm.
The crime of which Pruitt was convicted is defined by La.R.S. 14:89 A(2). The statute, in its entirety, states:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
B. Whoever violates the provisions of this Section shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.
In this appeal Pruitt assigns three errors. He first contends that during voir dire the judge erred in allowing the state to question prospective jurors regarding sexual biases and then restricting examination by the defendant on the same subject.
The record of voir dire shows that the district attorney questioned prospective jurors regarding their ability to apply the law to the evidence despite any personal religious or moral beliefs they might have. Then, before Pruitt's counsel was allowed voir dire, the judge called both attorneys to the bench. Pruitt's counsel contends that the judge then informed the attorneys that he would not permit further questioning on the subject of individual sexual preferences or prejudices. The judge explained that he would allow questions regarding preconceived notions about the naturalness or unnaturalness of oral sex, but not questions as to what that notion or prejudice might be. Pruitt's counsel did not object to the judge's off-the-record ruling.
We reject Pruitt's assignment of error regarding the judge's alleged ruling because a contemporaneous objection is required to preserve an irregularity or error for appellate review. La.C.Cr.P. Art. 841. Moreover, even after the alleged ruling, Pruitt's counsel asked the prospective jury members whether they had opinions regarding oral sex between heterosexual adults and whether any such opinion might prohibit them from being fair and impartial. Hence, there was no unreasonable restriction of voir dire, and the assignment of error has no merit.
In his second assignment of error, Pruitt argues that the Trial Judge erred in allowing, over his objection, the prosecution to cross-examine his expert regarding sexual practices unrelated to the charge against him.
During the presentation of his case, Pruitt qualified Dr. Raymond W. Swan, a psychotherapist, as an expert in human sexuality and questioned him regarding the naturalness of oral sex. Under cross-examination, Dr. Swan defined "`natural' as an instinctive behavior modified by learning and by experience in the historical time that we live in." Dr. Swan responded affirmatively when the Trial Judge asked him if "in order to determine whether it's natural or whether it's unnatural, it is whether the people in the community are doing it." The district attorney then asked Dr. Swan about the naturalness of bestiality, necrophilia, pedophilia, and sado-masochism. The Trial Judge overruled Pruitt's objections to this questioning. Pruitt contends that evidence regarding these sexual practices was irrelevant to the charge of soliciting oral sex, and even if relevant, either distracted the jury or created undue prejudice against him.
We find the State's questions within the scope of reasonable cross-examination and not unduly inflammatory. Cross-examination is not limited to matters covered in *823 direct examination. La.R.S. 15:280. Each side has the right to impeach the credibility of every witness sworn by the other side, limited only by the rule of relevance. La. R.S. 15:486, 494; State v. Weathers, 320 So.2d 895 (La.1975). The record shows that the district attorney briefly questioned Dr. Swan about the allegedly irrelevant sexual activities for the purpose of impeaching his definition of naturalness. The substance of the impeachment questioning was: "Assuming enough people participate in these sexual practices and find them pleasurable, would you then call these practices `natural'?" In response to these questions, Dr. Smith made it clear that each of the mentioned sexual activities were, unlike oral sexual relations, infrequent and practiced by only a small percentage of the population. There was no apparent attempt by the district attorney to relate, in the juror's minds, oral sex with the other sexual practices.
We find the questions to which Pruitt objected were permissible attempts by the prosecutor to impeach the defense expert's credibility, and, in view of the record as a whole, were not asked merely to inflame the jury.
In his final assignment of error, Pruitt contends that the evidence was insufficient to convict him because the State did not prove that the sexual act which he solicited was unnatural.
Because R.S. 14:89 A(2) requires that the act solicited be "unnatural", Pruitt's counsel presented the testimony of Dr. Swan for the purpose of showing that heterosexual oral copulation is not unnatural. In addition to the testimony quoted above, Dr. Swan testified that studies indicate that the majority of people engage in oral genital contact between men and women and that among persons of Mr. Pruitt's age and level of education, "probably close" to 85 or 90 percent engage in such activity. The State presented no evidenceeither by cross-examination of Dr. Swan or otherwiseto show that heterosexual oral sex is unnatural.
The sole question raised by Pruitt's contention of insufficient evidence is whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found that the solicited act was unnatural. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The jury was not bound to follow the expert testimony presented by Pruitt; a fact-finder is free to accept or reject the conclusions of an expert witness. State v. Myles, 432 So.2d 1018 (La.App. 1st Cir. 1983). Furthermore, an expert must not take the place of the jury in determining an ultimate fact in a case. Although another panel of this Court held in reversing Pruitt's previous conviction that he must be allowed to present expert opinion evidence, we do not believe the issue in this case requires the testimony of an expert to prove the State's case. See State v. Yancy, 465 So.2d 48 (La.App. 4th Cir.1985). And, although the State or a defendant may chose to present expert testimony to aid the fact-finder's determinations, an expert's opinions may always be disregarded. The jurors could, and apparently did, rely upon common knowledge and experience in finding that the State proved each element of the crime beyond a reasonable doubt. We are unwilling to say that the jury's verdict was erroneous.
In so concluding, however, we have not considered the question of whether the legislature may constitutionally prohibit oral copulation in a heterosexual relationship when not solicited for compensation, or whether such conduct is unnatural. We merely hold that the jury could have found solicitation of oral copulation for compensation prohibited by La.R.S. 14:89 A(2) and find that the evidence supported James Pruitt's conviction for violating that statute.
AFFIRMED.