KLEES, Judge.
STATEMENT OF THE CASE:
On March 13, 1984, the defendant was charged by bill of information with crime against nature. R.S. 14:89. He was arraigned on March 26, 1984 and pled not guilty. On September 13, 1984, a six-member jury found the defendant guilty as charged. He filed a written motion for new trial on October 22, 1984, which was denied. The defendant waived all legal delays and was sentenced to thirty days suspended sentence, and placed on unsupervised probation for six months. He was ordered to pay $300 to Criminal Court Operations Fund and court costs. On November 28, 1984, he filed a motion for appeal. He filed formal assignments of error, but these were not briefed and are deemed abandoned for purposes of this appeal. State v. Joseph, 425 So.2d 1261 (La.1983).
FACTS:
Joan Kalnit, a vice squad detective of the New Orleans Police Department, testified that on February 17,1984 at approximately 8:30 p.m., she was working in plain clothes at the intersection of Dauphine and Bien-ville. A red pick-up truck driven by the defendant stopped. The defendant motioned Kalnit over, said he was interested in oral sex, and offered $40.00. Kalnit accepted, and as she entered the passenger door of the truck, Officer Cazenave approached the truck, identified himself, and placed the defendant under arrest.
This court has reviewed the record for errors patent and has found none.
To support a conviction under R.S. 14:89(A)(2), the State must prove that the defendant:
1) solicited another human being
2) with the intent to engage in any unnatural carnal copulation
3) for compensation.
In this case, it is clear that the defendant solicited Kalnit by summoning her over to his vehicle. As to the second element, the defendant asked Kalnit to engage in oral sex with him. Oral-genital sex between members of the opposite sex has been found to constitute a crime against nature. State v. Winn, 412 So.2d 1337 (La.1982); State v. Yancy, 465 So.2d 48 (La.App. 4th Cir.1985), writ den. 469 So.2d 985 (La. 1985); State v. Rodrigue, 441 So.2d 1274 (La.App. 1st Cir.1983), writ den. 445 So.2d 436 (La.1984). Thus, the evidence presented was sufficient to prove the first two elements of the crime. And lastly, the third element, for compensation, was established when defendant offered Kalnit forty dollars as compensation for her services. *125 Accordingly, the conviction and sentence are hereby affirmed.
AFFIRMED.