GARRISON, Judge.
The defendant, Darryl Lewis, was charged by bill of information with theft of property valued at more than $500.00, a violation of LSA-R.S. 14:67.[1] Following trial, the jury found the defendant guilty as charged. The State then filed a multiple bill of information against the defendant. After a hearing on the multiple bill, the trial judge found the defendant to be a second offender. The defendant was sentenced as a second offender to ten years at hard labor without benefit of parole or good time. Defendant now appeals his conviction and sentence.
On June 8, 1985, at approximately 4:30 a.m., Officer Kirk Letellier of the New Orleans Police Department received a call about a vehicle theft in the 2200 block of Pauger Street in New Orleans. Officer Letellier testified that he arrived at the scene of the theft at approximately 6:30 a.m. that morning and interviewed Lawrence Williams, the owner of the stolen Chevrolet pickup truck. Williams told Officer Letellier that he had parked the truck near his residence at 1:00 a.m. that morning and that the truck was gone when he went to check on it at approximately 4:30 a.m. that same morning. Officer Letellier filed a report on the stolen truck which included a description of the truck and the truck’s license plate number.
Lawrence Williams testified that he parked his truck at approximately 1:00 a.m. on June 8, 1985 near his residence at 2244 Pauger Street and that he inadvertently left the keys in the truck. He called the police at approximately 4:30 a.m. when he noticed that the truck was missing. Williams stated that he bought the truck from a dealer two months before the theft for $1,700.00 and that the truck was in excellent condition at the time of the theft. Williams also stated that he did not know the defendant and that he did not give the defendant or anyone else permission to take his truck.
Williams retrieved his truck from the police pound shortly after the theft. The truck was damaged when it was returned to him and some of its parts were missing.
*1186 Officers David Handy and Tyronne Martin testified that they were on routine patrol in the Iberville Housing Project on June 8, 1985 when they received a call at 10:20 p.m. about a crime in progress in the 200 block of North Robertson. When they approached that area, the officers observed two men removing parts from a truck. The two men saw the officers, jumped out of the truck and ran in opposite directions. Both men were soon captured and placed under arrest. The other man is not a defendant in this case.
After Officer Handy advised the defendant of his constitutional rights in the presence of Officer Martin, the defendant made an inculpatory statement to the officers. The defendant told them that he was told by another man that there was a truck parked at Pauger and North Robertson Streets with the keys in it and that the truck could be stripped for parts. The defendant then told the officers that he went to that location, saw the truck and took the truck to the 200 block of North Robertson where he met a friend with whom he proceeded to strip the truck for parts. The keys to the truck, later identified as the truck belonging to Lawrence Williams, were retrieved from the defendant’s pants pocket.
In the first assignment of error, the defendant argues that the trial court erred in denying his request for a copy of the initial police report needed to prepare his defense. The defendant was charged by a bill of information filed on August 7, 1985. On June 17, 1985, the Louisiana Supreme Court issued its opinion in State v. Shropshire, 471 So.2d 707 (La.1985), in which the court stated that, upon request, a defendant is entitled under LSA-R.S. 44:3A{4), as amended by Act. No 945 of 1984, to a copy of the “initial” police report made by investigating officers.
A review of the record indicates that on August 27, 1985, defendant’s counsel filed an application for writ of subpoena duces tecum requesting that the New Orleans Police Department be ordered to produce for the defendant “the initial police report of the police officers investigating the complaint against Nathaniel Patterson, Item No_” The application was properly captioned with the defendant’s name and case number but the application contained no item number and named someone other than the defendant in the body of the request. At the bottom of the application was an order for the trial judge to sign but the copy in the record does not indicate that any action was taken by the trial judge on defendant’s application. The defendant did not include in his general discovery motions a request to the State to provide the initial police report.
A hearing on the motions was held on September 3, 1985. The minute entry of that date indicates that the State did not file written answers. That minute entry does not indicate that the defendant objected to the State’s failure to do so, nor is there any mention in the minute entry of whether defense counsel objected to the trial court’s failure to grant the application for the subpoena duces tecum. Furthermore, the transcript does not include any mention of the defendant’s request for the initial police report or any objection by the defendant to not having been provided with it.
The only objection in the record regarding the police report was made by defense counsel after the jury instructions were given. LSA-C.Cr.P. art. 841 provides that an error cannot be availed of after the verdict unless it was objected to at the time of the occurrence. The article also states that it is sufficient if the party:
“at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or his objections to the action of the court, and the grounds therefor.”
Clearly, the defendant did not comply with the contemporaneous objection rule of Article 841. At no time prior to the conclusion of trial did defense counsel raise the issue that the police report had not been furnished to him or that the trial court had failed to order the issuance of the subpoena duces tecum to the police department. Therefore, because this issue was not prop *1187 erly preserved for appeal, it will not be considered by this court. State v. Pruitt, 482 So.2d 820 (La.App. 4th Cir.1986), writ denied, 488 So.2d 1018 (La.1986).
In the second assignment of error, the defendant argues that the trial court erred in imposing an excessive sentence. The minute entry of the sentencing states that the defendant was sentenced as a second offender to serve ten years at hard labor without benefit of parole, probation or suspension of sentence and without good time. However, the multiple bill sentencing transcript shows that the trial court only stated that the sentence was to be served without benefit of parole and without good time.
Specifically, the defendant argues that the trial judge erred in denying his eligibility for parole and good time benefits. Neither LSA-R.S. 14:67 nor LSA-R.S. 15:529.1, the two statutes under which the defendant was sentenced, requires that the sentence be served without benefit of parole. Therefore, the trial court erred in denying defendant’s eligibility for parole because that matter is to be determined by the Department of Corrections in accordance with LSA-R.S. 15:574.4. State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989).
Furthermore, neither statute under which defendant was sentenced provides for the denial of good time benefits. The defendant, as a multiple offender, may be ineligible for good time benefits under LSA-R.S. 15:571.3. However, this court has held that a trial court cannot deny good time benefits to a defendant even though he may be ineligible by law to receive such benefits because that matter is to be determined by the Department of Corrections. State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988). Therefore, the trial court erred in denying defendant’s eligibility for good time benefits.
For the reasons stated above, the defendant’s sentence is hereby amended to delete that portion which prohibits eligibility for parole and good time benefits. Accordingly, defendant's conviction is affirmed and his sentence is affirmed as amended.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.

. LSA-R.S. 14:67 states, in pertinent part:
“Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.”