JaCRAIN, Judge.
The defendant, Raymond Spitz, and a co-defendant, Richard Thornberry, were jointly charged by grand jury indictment with two counts of aggravated kidnapping, in violation of LSA-R.S. 14:44, one count of aggravated rape, in violation of LSA-R.S. 14:42, two counts of armed robbery, in violation of LSA-R.S. 14:64, and one count of aggravated crime against nature, in violation of LSA-R.S. 14:89.1. Subsequently, pursuant to the State’s motion to sever, the charges against Thornberry were severed from the original indictment and tried separately.
The defendant pled not guilty and, after a jury trial, was found guilty as charged on all six counts. For the two aggravated kidnapping convictions and the aggravated rape conviction, the defendant received three sentences of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. For the two armed robbery convictions, the defendant received two sentences of fifty years at hard labor, without benefit of parole, probation, or suspension of sentence. For the aggravated crime against nature conviction, the defendant received a sentence of fifteen years at hard labor, without benefit of parole, probation, or suspension of sentence. The trial court ordered all of the sentences to run concurrently and gave the defendant credit for time served.
Thereafter, the State filed a habitual offender bill of information seeking to enhance the aggravated crime against nature sentence and the two armed robbery sentences. After a hearing, the trial court found the defendant to be a third felony habitual offender. The original aggravated crime against nature sentence and the two armed robbery sentences were vacated; and the trial court resentenced the defendant to sixty-six years at hard labor, without benefit of parole, probation, or suspension of sentence, for each of the two armed robbery convictions, and fifteen years at hard labor, without benefit of parole, probation, or suspension of sentence, for the aggravated crime against nature conviction. The | atrial court again ordered all of the sentences to run concurrently and gave the defendant credit for time served.
The defendant has appealed, alleging three assignments of error, as follows:
1. The trial court erred in permitting the prosecutor to tell the jury venire during voir dire that appellate courts had determined that fellatio is an unnatural sex act.
2. The trial court erred in allowing State Exhibit 73 (a bag containing two revolvers) to be introduced into evidence and shown to the jury over his objections.
3. The trial court erred in enhancing three sentences in the habitual offender proceeding when the underlying convictions arose on a single day from a single criminal episode.

FACTS

On July 31,1991, the victims, a mother and her daughter, were looking at a house for rent located between Abita Springs and Tal-isheek, Louisiana. The victims were approached by two white males, later identified as the defendant and Richard Thornberry. The men, who appeared to have guns in their waistbands, demanded a ride to a nearby location. When they arrived at a trailer in a wooded area of St. Tammany Parish, the men pulled out their guns and tied up the victims. The defendant forced the daughter to perform fellatio on him and then he raped her. Before leaving the scene in the victims’ car, the men gagged the victims and locked them inside the trailer home.
The victims managed to untie themselves, break a window, climb out, and flee to a nearby house, where they telephoned the authorities. Meanwhile, the defendant and Thornberry fled into Mississippi in the vie- *273 tims’ car, where they subsequently were arrested.

ASSIGNMENT OF ERROR NO. ONE:

In this assignment of error, the defendant contends that the trial court erred in permitting the prosecutor to tell the jury venire during voir dire that appellate courts had determined that fellatio is an unnatural sex act.
The defendant argues that the jurors, as the triers of fact, should have been left to decide what conduct constitutes unnatural carnal copulation. He further argues that the prosecutor Improperly attempted “to obtain a commitment from the jurors that they would find oral sexual activity as an unnatural carnal copulation without regard to what the evidence might be and without any regard to the experiences of the jurors.”
Initially, we note that the defendant’s allegations are inaccurate. The prosecutor never stated during voir dire examination that fellatio is an unnatural sex act or that fellatio constitutes unnatural carnal copulation. Instead, the prosecutor indicated that Louisiana courts routinely have held that fellatio is a crime against nature. This observation by the prosecutor is a correct statement of the law. Forcing a member of the opposite sex to submit to oral-genital sex has been found to constitute aggravated crime against nature. See State v. Winn, 412 So.2d 1337, 1348 (La.1982). Although the defendant relies upon State v. Pruitt, 449 So.2d 154 (La.App. 4th Cir.), writ denied, 450 So.2d 1309 (La.1984), his reliance thereon is misplaced. State v. Pruitt held that the defendant’s right to present a defense required that he be allowed to present expert testimony concerning whether or not oral sex between a man and a woman is unnatural. State v. Pruitt, 449 So.2d at 156. However, Pruitt involved a situation where the defendant was charged with crime against nature by soliciting heterosexual oral sex from an undercover assistant district attorney posing as a prostitute. See LSA-R.S. 14:89A(2). It is obvious that the holding in Pruitt should be limited to the particular facts contained therein. Furthermore, Pruitt dealt with a purely evidentiary question and in no way changed the substantive criminal law. See State v. Yancy, 465 So.2d 48, 52 (La.App. 4th Cir.), writ denied, 469 So.2d 985 (La.1985).
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. TWO:

In this assignment of error, the defendant contends that the trial court erred in allowing State Exhibit 73 (a bag containing two revolvers) to be introduced into evidence and shown to the jury over his objections. Specifically, he contends that a proper foundation was never established. While the defendant does not ^contest the chain of custody, he argues that the guns were linked to him only through some hearsay evidence.
Louisiana Code of Evidence Article 401 provides:
“Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
Louisiana Code of Evidence Article 901A provides:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding .-¿that the matter in question is what its proponent claims.
To be admitted at trial, demonstrative evidence must be identified. This identification can be visual, that is, by testimony at trial that the object exhibited is the one related to the case. Alternatively, the evidence can be identified by a chain of custody, that is, by establishing the custody of the object from the time it was seized until the time it was offered into evidence. In order to introduce demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected to the case. State v. Overton, 596 So.2d 1344, 1354 (La.App. 1st Cir.), writ denied, 599 So.2d 315 (La.1992).
Proving that the defendant and Thornberry were armed with guns was a critical aspect of the State’s case, as the use of force and/or a dangerous weapon was an essential element of each of the charged of *274 fenses. At the trial, Tommy Frederick of the Petal, Mississippi Police Department testified that the two guns contained in State Exhibit 73 were recovered from a large culvert located on the outskirts of Hattiesburg, Mississippi, in an area where the authorities were searching for the defendant. Furthermore, the victims testified that these guns resembled the guns used by the defendant and Thornberry. While it may be true that the victims did not positively identify these guns, we note that lack of a positive identification goes to the weight of the evidence rather than to its admissibility. State v. Cox, 464 So.2d 439, 442 (La.App. 1st Cir.1985). Therefore, the trial court correctly allowed the two guns contained in State Exhibit 73 to be introduced into |6evidence and shown to the jury over the defendant’s objections.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. THREE (SUPPLEMENTAL ASSIGNMENT OF ERROR NO. ONE IN THE DEFENDANT’S BRIEF):

In this assignment of error, the defendant contends that the trial court erred in adjudicating him to be a third felony habitual offender on both of the armed robbery convictions and the aggravated crime against nature conviction -because these offenses occurred on the same day and resulted from the same criminal transaction.
The defendant’s observation is correct. Multiple convictions obtained the same day for offenses arising out of one criminal episode should be considered as one conviction for purposes of habitual offender enhancement. State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991).
In its brief to this Court, the State contends that the defendant committed “multiple separate felonies at separate times on the same day” and, therefore, the two armed robbery convictions and the aggravated crime against nature conviction were properly enhanced under LSA-R.S. 15:529.1. The State’s argument concludes:
The counts of aggravated kidnapping, armed robbery and aggravated crime against nature did not arise from a single criminal episode. Rather, they involved multiple separate felonies which were committed by the defendant-appellant over the course of several hours on the same day. Consequently, the trial court properly enhanced the sentences accordingly because the counts did not arise under a single criminal episode.
This argument has no merit. From the time the defendant and Thornberry initially encountered the victims until they fled in the victims’ car, all of the offenses which they committed formed one continuous criminal episode for purposes of habitual offender enhancement.
Accordingly, all of the defendant’s convictions, and the three life sentences, are affirmed. However, the habitual offender adjudications and sentences for the armed robbery convictions and the aggravated crime against nature conviction are vacated; and the case is remanded to the trial court with the following instructions: Should the State again seek habitual offender ^enhancement, it must file a new habitual offender bill of information specifying which one of these three convictions it seeks to enhance, since only one of them can be enhanced. In any event, regardless of whether or not the State seeks habitual offender enhancement, the trial court must again impose three separate sentences for these three convictions and should specify which of these three sentences is being imposed pursuant to habitual offender enhancement, if applicable. Finally, when imposing the new sentences, the trial court should again give the defendant credit for time served. See La.C.Cr.P. art. 880.
ALL CONVICTIONS AFFIRMED. THE THREE LIFE SENTENCES ARE AFFIRMED. THE HABITUAL OFFENDER ADJUDICATIONS AND SENTENCES ARE VACATED. THE CASE IS REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS.