| iBARRY, Judge.
The defendant was convicted of aggravated rape of an eleven year old female (La.R.S. 14:42) and was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. We affirm.

Facts

The child testified that the defendant, who lived with the victim, her mother and siblings, summoned her to his side. She refused and the defendant carried her into her mother’s bedroom and placed her on the bed. She said he removed her shorts, lowered her panties to her knees, and took off his pants. She testified that he put his finger in her vagina and placed his penis in her rectum. The victim conceded that she never saw defendant’s penis, but she testified that it felt different from his fingers and long fingernails.
The victim escaped to a neighbor’s apartment and called her aunt. The victim’s aunt testified that the victim’s panties were soaked with blood and that she took the child to the hospital.
RPr. Suzanne White examined the victim and found the hymen was torn, the perineal area was punctured, and the rectum was abnormally gaped, exposing the rectal muscles. Dr. White testified that the gaping of the rectum could have been caused by penile penetration and she opined that it was not caused by insertion of a finger into the anus or the passing of a stool. No sperm or semen was found.
The defendant initially denied touching the victim, but later admitted that he inserted his fingers into the victim’s vagina. He denied touching her anus and any penile penetration.

Voir Dire

Defendant complains that he was denied his right to a full voir dire examination because the trial court curtailed his question about whether potential jurors would unquestioningly accept testimony from the twelve-year-old victim, her age at the time of trial.
The following took place:
MR. DEEGAN (DEFENSE COUNSEL): ... Is there anybody here who believes that a twelve year old child could not exaggerate?
THE COURT:
No, wait. You’re not going to ask that. MR. DEEGAN:
Well, just that they would accept a twelve year old’s version of events without question?
THE COURT:
That’s not a legitimate question. You’re doing a factual run into this ... and I’m not going to go into anything that’s factual....
_jjThe defendant failed to object to the trial court’s restrictions on voir dire, and the issue was not preserved for review. La.C.Cr.P. art. 841; State v. Pruitt, 482 So.2d 820, 822 (La.App. 4th Cir.), writ den. 488 So.2d 1018 (La.1986).
*909 Moreover, our review of the entire voir dire examination shows that the trial judge afforded defense counsel wide latitude when he examined prospective jurors as to prejudices, predispositions, or misunderstandings relevant to the central issues of the case. See State v. Ancar, 508 So.2d 943, 948 (La.App. 4th Cir.1987). The defense questioned the prospective jurors about their understanding of the elements of aggravated rape (including penetration), responsive verdicts, their ability to fairly judge the defendant when the victim is a child, their status as parents, and prior history with child abuse. Additionally, the state twice asked potential jurors whether they could consider the case based on the testimony of a child witness. Considering the voir dire as a whole, the trial court did not abuse its discretion by curtailing questions concerning testimony by a child witness.

Admissibility of Statement to Physician and Medical Report

Defendant complains the trial court erred by not allowing the state’s medical expert to testify about the victim’s statement to an unidentified physician (recorded in a medical report) that the defendant did not rape her. The defendant argues the statement and medical report are admissible as a statement made for the purpose of medical treatment and diagnosis. La.C.E. art. 803(4). The state responds that the argument is not preserved because the defendant advances a new basis for his objection on appeal.
The proffered medical report contains a patient history entry by an unidentified medical resident who did not testify:
_[4[C]hild states that penetration did not occur and that she doesn’t believe he ejaculated on her. Patient denies any oral contact or any touching by the alleged rapist of her genitals. Patient states that alleged rapist pulled her pants and underpants down and that he lay next to her on the bed. She felt his penis against her bottom but denies penetration. She states that this type of contact lasted for 5 min. [sic] and that she then ran away.
The report contains a second entry that “upon requestioning child states that the alleged rapist did touch her genitals (with) his finger.” Another entry at the bottom of the form states:
He pulled her shorts off but not underware [sic]. He tried to place his penis in rectum but had trouble. He touched her with his finger in her vagina. She managed to get away and ran to neighbor who called her aunt who called her mother and was brought in. * * * [Victim] told the social workers & I [sic] the same story but told the male police & male resident [sic] he just laid by her. Physical examination is consistent with (story) given to me & (social) worker and is consistent with sexual abuse.
The court sua sponte prohibited defense counsel from questioning Dr. Suzanne White (who did not prepare the statement) about the victim’s statement to the unidentified medical resident. The defense unsuccessfully argued the report is Brady material and later argued (without specifying a basis) that the report is admissible. The record shows that the state learned of the report on the eve of trial and notified defense counsel of its contents before trial began.
Under La.C.Cr.P. art. 841, a defendant must make known the grounds for his objection. However, the necessity for and specificity of evidentiary objections are governed by the Code of Evidence. La.C.Cr.P. art. 841(C). Code of Evidence article 103(A)(2) governs the exclusion of evidence and requires that a substantial right of a party be affected and the substance of the | ¡¡evidence be made known to the court by counsel. Unlike the rule for admission of evidence, Art. 103 does not require a statement of the specific ground of the objection when evidence is excluded. That conclusion is supported by the 1995 Authors’ Note (6) under Art. 103, which states that “(g)reater formalities are not required.” See also State v. Lobato, 603 So.2d 739, 748 (La.1992). The issue was preserved for review.
The defendant argues the statement is admissible as a statement made for medical treatment. The statement was made to a physician who did not testify and is recorded *910 in a medical report. Thus there are two layers of hearsay, use of the report to prove that the statement was made and the victim’s statement itself.
To admit hearsay within hearsay each part of the combined statement must meet an exception to the hearsay rule. La.C.E. art. 805.
La.C.E. art. 803(4) excepts from hearsay: Statements made for purposes of medical treatment and medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to treatment or diagnosis in connection with treatment.
The victim’s statement recorded in the report was for medical treatment and diagnosis and describes her history, symptoms and cause thereof. That statement would not be excluded by the hearsay rule. La.C.E. art. 803(4).
However, the court did not err by not allowing Dr. White to testify as to the victim’s statement because the medical report in which it is recorded does not satisfy an exception to hearsay. La.C.E. art. 804(B)(5) provides the exception for records of a regularly conducted business activity in a criminal case:
IsB. Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: ******
(5) Records of regularly conducted business activity. In a criminal case, a memorandum, report, record ... of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to made and to keep the ... report, ... all as shown by the testimony of the custodian or other qualified witness ....
“Business” includes a profession or occupation. Id. Article 804 requires that the de-clarant be unavailable. There is no showing that the individual who made the report is unavailable or not ascertainable. The trial court did not err by excluding the report and testimony concerning the victim’s statement recorded in that report.[1]
Further, a substantial right of the defendant was not affected. See La.C.E. art. 103(A). The defendant presented a defense through his testimony and counsel’s cross examination of the victim. Medical testimony contradicts the child’s initial denial of touching and penetration and the record overwhelmingly supports the conviction. Dr. White testified that the victim’s injuries and symptoms were consistent with penile penetration of the victim’s anus and inconsistent with penetration by the defendant’s finger. Dr. White testified that the victim’s anus was not cut or torn and the object that penetrated it was smooth. The victim testified that the defendant had long ^fingernails which she felt when he placed a finger into her vagina. She distinguished that from the smooth larger object which penetrated her anus.
The conviction and sentence are affirmed.

AFFIRMED.

PLOTKIN, J„ dissents.

. Though not raised by the parties, we note that the document also does not meet the requirements of La.R.S. 13:3714, which provides that "a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question” shall be received in evidence as prima facie proof of its contents. The report is not certified or signed by a hospital administrator or medical records librarian.