BYRNES, Judge.
The State requests a review of the trial court’s ruling on the defendant’s motion in limine which found that the State was precluded from introducing into evidence any additional guns found in the residence besides the 12 gauge Mossberg blue steel shotgun with a pistol grip.
The trial court previously found probable cause and denied the defendant’s motion to suppress the evidence which was seized pursuant to a search warrant. The defense claimed that none of the additional guns were traditionally used by drug dealers and were found all over the residence. According to the minute entry of November 18, 1996, “after reviewing where the firearms were seized the court ruled that they were not relevant except for the 12 gauge shot gun with the pistol grip.”
The intent to distribute drugs or narcotics may be established by proving circumstances surrounding the defendant’s possession which would give rise to reasonable inferences of an intent to distribute. State v. Dickerson, 538 So.2d 1063 (La.App. 4 Cir. 1989); State v. Harmon, 594 So.2d 1054 (La. App. 3 Cir.1992), writ denied 609 So.2d 222, writ denied 623 So.2d 1326 (La.1993). Fruits and physical evidence of the crime as well as weapons used to commit the crime are relevant to show commission of the crime; once a foundation has |2been made for the introduction of weapons into evidence, any further evidence that calls into question the positive identification between the weapon and the crime goes to the weight of the evidence rather than its admissibility. State v. Forrest, 95-31 (La.App. 5 Cir. 2/14/96), 670 So.2d 1263, writ denied 96-0654 (La.6/28/96), 675 So.2d 1117, State v. Spitz, 93 2070 (La.App. 1 Cir. 12/22/94), 650 So.2d 271, writ denied, 95-0742 (La.9/1/95), 658 So.2d 1269. In State v. Robertson, 950 645 (La.App. 1 Cir. 4/4/96), 672 So.2d 391, writ granted in part, 96-1048 (La.10/4/96), 680 So.2d 1165, the appellate court found that where there was no evidence of drug paraphernalia, there were no circumstances indicating that the defendant intended to distribute drugs. The appellate court noted that: “Nor were any weapons or large sums of cash, items commonly seized in drug distribution arrests found on the defendant’s person or car.” [Emphasis added.] Id. at 396.
In State v. Hunt, 568 So.2d 1104 (La.App. 2 Cir.1990), writ granted in part on other grounds, denied in part, 573 So.2d 1130 (La.1991), writ denied 580 So.2d 914 (La.1991), the conviction of possession of marijuana with intent to distribute was supported by sufficient evidence, including seizure of nine packets of marijuana, scales, syringes and baggies, chemicals, account book, unusually large amount of cash, two rifles, four shot guns, and five pistols. In State v. Crocker, 551 So.2d 707 (La.App. 1 Cir.1989), the intent to distribute was supported by sufficient evidence, including several guns, knives and ammunition.
Just as evidence of beepers, cellular phones, scales and other utensils for weighing and bagging cocaine would be relevant evidence, a weapon or weapons in the residence would be another indication that drug distributions and Rillegal narcotics transactions were being conducted. Although the presence of beepers, scales, a weapon or weapons by themselves would not be evidence of crimes, under the totality of circumstances, the cumulative evidence would be relevant to show the defendant’s intent to distribute drugs. In the present case the guns are relevant along with the other evidence to show that the defendant had the intent to distribute cocaine. The identification of the weapons would go to the weight rather than to the admissibility of the evidence.
Accordingly, the State’s writ application is granted, the ruling of the trial court is reversed, and the defendant’s motion in limine requesting that the trial court deny the State the right to use as evidence the additional guns, including a .38 caliber Charter Arms revolver, a .22 caliber Marlin blue steel rifle, *638 a .410 gauge Steven blue steel shotgun, and a .30 gauge Mossberg white metal shotgun, is denied. The case is remanded for further proceedings.

WRIT GRANTED; REVERSED & REMANDED.