450 So.2d 724 (1984)
STATE of Louisiana
v.
Ronnie WILLIAMS.
No. KA-1444.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before REDMANN, AUGUSTINE and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Ronnie Williams was convicted by a six person jury of crime against nature (solicitation) in violation of 14:89, subd. A(2). Defendant was charged by bill of information, and after a trial by jury *725 was found guilty as charged. Defendant was determined to have been a multiple offender and was sentenced to four years at hard labor.
On appeal, defendant argues that there was insufficient evidence contained in the record to convict him of the crime. At trial, the state adduced the following facts: At about 10:30 p.m. on May 25, 1983, Lt. Clinton Lauman, Commander of the Vice Squad Unit of the New Orleans Police Department was standing on the street corner in the French Quarter. He testified that he saw defendant, who approached him and asked for a cigarette. Lauman told him that he did not smoke, and defendant crossed the street. He then turned and waved to Lauman who waved back to him. The defendant then waved again, and Lauman once again waved. Defendant then re-crossed the street and approached Lauman who asked him how he was. Defendant began to complain about his health and showed Lauman some scars that he had on his abdominal area. Defendant said that he would not have been out that evening except that he had to make some money. Lauman then asked, "Well, what do you have in mind?" (Tr. at 2). When questioned as to defendant's reply, Lauman said "He told me he likedand these are his exact wordshe like to suck and be fucked." (Tr. at 3). Lauman then told defendant that he was interested and defendant said "For twenty dollars?" at which time Lauman said "Okay, I'll pay you twenty dollars." Defendant then said, "Let's go." (Tr. at 3). At this point, both men walked across the street to a police car where Lauman identified himself as a police officer and placed defendant under arrest for soliciting for a crime against nature.
Lauman also testified that upon taking defendant to Central Lockup, Williams asked not to be placed into the cell with the general population because he was gay.
Defendant testified in his own behalf, admitting that he had previously pleaded guilty to crime against nature. He testified that he was "set up," and had done nothing to warrant his arrest.
La.R.S. 14:89 provides:
A. Crime Against Nature Is:
(1). The unnatural carnal copulation by a human being of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed a crime against nature when done in any of the circumstances described in R.S. 14:41 [rape]; 14:42 [aggravated rape]; 14:42.1 [forcible rape]; or, 14:43 [simple rape]. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2). The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
We are required to view the evidence presented at trial in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the offenses outlined above proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
We find it clear that in the instant case, that any rational trier of fact would have found defendant guilty of the crime as charged. Unlike cases upon which defendant relies on this appeal, the solicitation in the instant case was initiated by the defendant, and the amount of money was also first provided by the defendant. The jury obviously chose to believe the testimony of the officer presented at the trial, rather than that of the defendant, which does not affect the issue of sufficiency of evidence on appeal. State ex rel. Graffinino v. King, 436 So.2d 559 (La.1983).
For the reasons outlined above, the conviction and sentence of defendant are AFFIRMED.
AFFIRMED.
REDMANN, C.J., dissenting with reasons.
*726 REDMANN, Chief Judge, dissenting.
First, La.R.S. 14:89 does not order anyone either to perform or not to perform any act and therefore cannot be violated. Second, if it be held to punish "unnatural carnal copulation" or solicitation therefor for compensation, its disproportionate penalties would make it unconstitutional.

I
"All are entitled to be informed what the State commands or forbids." Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888, 890 (1939).
R.S. 14:89, since its amendment by La. Acts 1982 No. 703, does not have any provisions that command or forbid anything. Its subsection A merely defines "crime against nature"; its subsection B only punishes "violat[ing] the provisions of this Section." Because no provision commands or forbids any act, it is impossible to violate any provision of R.S. 14:89.
(Before the 1982 amendment, the statute was phrased in the standard Louisiana Criminal Code form. That form first defines specified behavior as a crime, and then declares that whoever "commits the crime" is punishable as set forth. Virtually every punitive section of the Code, now R.S. 14, uses that form, starting with § 28. The 1982 amendment of § 89 changed the quoted language to read "violates the provisions of this Section." There are instances of "whoever violates" etc., but only following a declaration that "it shall be unlawful" to do the proscribed act, as in §§ 54.2 and 54.3. "Whoever violates" makes sense in that context, but it makes no sense in the context of § 89. The legislature, now in session, should be advised of this destruction, presumably unintentional, of the statute's effectiveness.)

II
R.S. 14:89's penalizing "unnatural carnal copulation" (or solicitation therefor for pay) as a felony, punishable by not more than $2,000, five years, or both, violates La. Const. art. 1 § 20's prohibition against "excessive, or unusual punishment," when compared with other sex offense penalties, especially § 82's penalizing of prostitution as a misdemeanor, punishable by not more than $500, six months, or both (and second and third offenses punishable by maximums, respectively, of $2,000 and $4,000, or two years and four years, or both). See also § 90's penalizing the "promoting" of prostitution by no more than $500, six months, or both. The disproportionateness of § 89's penalty makes it both excessive and unusual within the Louisiana constitutional prohibition. Moreover, that disproportionateness and arbitrariness make it unconstitutional as cruel and unusual within U.S. Const.Amend. 8, applicable to the states through Amend. 14; Solem v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
On the first ground discussed, defendant's conviction should be reversed and he should be ordered discharged.