466 So.2d 714 (1985)
STATE of Louisiana
v.
Debra WALLACE.
No. KA-2371.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
*715 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Joseph Meyer, Jr., New Orleans, for defendant-appellant.
Before BARRY, WARD and WILLIAMS, JJ.
BARRY, Judge.
Defendant Debra Wallace was convicted of attempted crime against nature, La.R.S. 14:89 and 14:27 and sentenced to two years in parish prison with credit for time served. She assigns one error and requests review for errors patent. There are none.
Defendant's specification of error contends her two year sentence is constitutionally excessive.
The statutory grounds for imposition of a sentence, La.C.Cr.P. Art. 894.1, are an important aid in reviewing an allegedly excessive sentence. State v. Telsee, 425 So.2d 1251 (La.1983). Under Art. 894.1 the record should indicate that the trial court considered not only the circumstances militating for incarceration, but also any mitigating factors. State v. Walker, 414 So.2d 1245 (La.1982). While the trial judge need not articulate every aggravating and mitigating circumstance presented in Art. 894.1, the record must reflect the guidelines were adequately considered in particularizing the sentence. State v. Guiden, 399 So.2d 194 (La.1981). Art. 894.1(C) requires the trial court to state the factual basis for its conclusions, for "[w]ithout the trial court's articulation of the factual basis of each ground which influenced its disposition, a sentence may appear to be arbitrary or excessive, unless there is evidence elsewhere of record which clearly illumines the sentencing choice." State v. Williams, 397 So.2d 1287, 1292 (La.1981).
In his reasons for sentence the trial judge established that defendant had two prior convictions for prostitution for which she received suspended sentences. He analogized her present conviction of attempted *716 crime against nature to a third prostitution conviction and concluded that defendant's character and attitude indicated she would probably commit another crime. He opined she was not likely to respond affirmatively to probationary treatment because she had received two suspended sentences and failed to appear once for the present offense. He concluded that a lesser sentence would deprecate the seriousness of the offense.
The sentence is supported in the reasons and by the record. The transcript reflects consideration of statutory mitigating factors and compliance with Art. 894.1.
A trial judge is given wide discretion in the imposition of sentences within statutory limits, and when there has been compliance with Art. 894.1 his sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Smith, 437 So.2d 252 (La.1983); State v. Washington, 414 So.2d 313 (La.1982).
The defendant contends that a two year sentence for attempted crime against nature is an abuse of discretion because the penalty is grossly out of proportion to the severity of the crime. She analogizes her crime to prostitution, La.R.S. 14:82, where the maximum penalty for a first offender is six months imprisonment and a fine of five hundred dollars.
Defendant's argument has merit if we were only concerned with the disparity between the penalties for prostitution, La. R.S. 14:82, and crime against nature, La. R.S. 14:89. Under other circumstances such a disparity could result in a constitutionally excessive sentence. However, with these facts we cannot say a two year sentence is excessive. It is within the statutory maximum and commensurate with the minimum sentence the defendant could have received as a third offender prostitute under La.R.S. 14:82, to which she compares herself in argument.
Although not assigned as error, we must review the sufficiency of evidence to support defendant's conviction. State v. Raymo, 419 So.2d 858 (La.1982). We are to consider whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found defendant guilty of attempted crime against nature beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
To support a conviction of crime against nature, the state must prove that the defendant solicited another person with the intent to engage in unnatural carnal copulation for compensation. La.R.S. 14:89 A(2). An attempt is a separate but lesser grade of the intended crime; a defendant may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by the defendant. La. R.S. 14:27(C).
Vice Officer Juslin of the New Orleans Police Department testified that the defendant approached him and offered oral sex for thirty dollars. His testimony was corroborated by his partner Officer Cook. Viewing this evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of crime against nature. State v. Williams, 450 So.2d 724 (La.App. 4th Cir.1984). Consequently, there was enough evidence to find defendant guilty of attempted crime against nature. State v. Picchini, 463 So.2d 714 (La.App. 4th Cir.1985).
The conviction and sentence are affirmed.
AFFIRMED.