513 So.2d 386 (1987)
STATE of Louisiana
v.
Collette M. RYANS.
No. KA-6572.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1987.
Writ Denied January 8, 1988.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Patricia I. Edwards, Asst. Dist. Attys., Bruce A. Craft, Law Clerk, New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before CIACCIO, LOBRANO and WILLIAMS, JJ.
CIACCIO, Judge.
Defendant pleaded guilty as charged to violating La.R.S. 14:89, Crime Against Nature. At sentencing defendant admitted the allegations of a bill of information filed by the district attorney under La.R.S. 15:529.1 charging her with being a second felony offender. The court sentenced defendant to serve three years imprisonment at hard labor.[1]
Defense counsel noted an objection to the sentence imposed by the court. Defendant appeals the sentence arguing that it violates the constitutional prohibition against cruel, unusual, or excessive punishment because the sentence imposed, three years, as *387 well as the statutory range of sentence for violation of La.R.S. 14:89, not more than five years or two thousand dollars or both, are disproportionate to the severity of the crime. Defendant's argument for disproportionality is founded upon a comparison "with other sex offense penalties," in particular the penalties for violating La.R.S. 14:82, Prostitution. See State v. Williams, 450 So.2d 724 (La.App. 4th Cir.1984), Chief Judge Redmann dissenting.
The maximum penalty for a first time violation of La.R.S. 14:82 is six months imprisonment and a five hundred dollar fine. By virtue of its maximum penalty, a first time violation of La.R.S. 14:82 is, by definition, a misdemeanor. See La.C.Cr.P. Art. 933 and La.R.S. 14:2. Because the maximum penalty for violating La.R.S. 14:89 is five years imprisonment at hard labor and a two thousand dollar fine, a violation of La.R.S. 14:89 is, by definition, a felony.[2]
Defendant correctly asserts that the maximum penalty for a first time violation of La.R.S. 14:82 is not closely proportionate to the maximum penalty for a violation of La.R.S. 14:89. Whether this lack of close proportionality suggests any unconstitutionality, however, depends upon the substantive nature of the crimes to which the respective penalties apply. That is, whether the crimes as defined by the legislaturesince there is no crime until defined by the Constitution or legislature, La.R.S. 14:7are so similar so as constitutionally to require similar penalties.
So the crux of defendant's argument, and indeed the only way properly to address the issue, is a comparison of the two crimes, 14:82 and 14:89. Defendant was convicted of solicitation under La.R.S. 14:89A.(2). The second paragraph of La.R.S. 14:82, in a similar fashion, makes illegal solicitation for prostitution. Defendant argues that solicitation for prostitution and solicitation to commit a crime against nature (in this case an act of oral copulation) are similar "sex offenses"; similar enough, so as constitutionally to require similar penalties. We do not agree.
The legislature has the unique prerogative and the duty to define criminal conduct and provide for the penalties to be imposed against persons engaged in such conduct. As to any particular, defined criminal conduct, the penalties provided by the legislature reflect the degree to which the criminal conduct affronts society. Thus, the degree of offensiveness with which the conduct is regarded is revealed through the penalty which the legislature provides.
When considering offensive behavior affecting the public morals, and more particularly offenses of sexual immorality, the legislature distinguished clearly between prostitution and crime against nature. Prostitution involves indiscriminate sexual intercourse for compensation. Crime against nature involves, generally, unnatural carnal copulation.
As revealed through the penalties provided by the legislature (as representative of the people), today's society is much more affronted by a crime against nature (unnatural carnal copulation) than by prostitution (indiscriminate sexual intercourse, presumably natural carnal copulation, for compensation). This court is aware of the arguments that oral copulation by a human being with another of the opposite sex is not unnatural. But those arguments address whether defendant's conduct violated the statute, not whether the penalty for having violated the prohibition against such conduct is unconstitutional. That defendant's actual behavior appears similar to prostitution (solicitation to engage in indiscriminate sexual activity for compensation), does not permit the courts to merge distinct statutory definitions of criminal conduct. (Absent "compensation", "indiscriminate sexual intercourse" is not prohibited. "Unnatural carnal copulation", however, constitutes a crime against nature regardless of whether the act is committed for "compensation." La.R.S. 14:89A.(1).)
Although defendant's conduct arguably violated La.R.S. 14:82 as well as La.R.S. *388 14:89, the district attorney has discretion to prosecute under either statute. La.R.S. 14:4. Absent a showing of clear abuse, the courts will not interfere with the exercise of that discretion. And, if current societal mores do not establish as "unnatural" (and therefore more offensive than "indiscriminate sexual intercourse" for compensation) oral-genital copulation between two human beings of the opposite sex, it is for the legislature, not the courts, to reflect this change in moral attitudes by redefining what conduct is criminal or changing the penalties provided for violation of the conduct as now defined, or both.
Neither the state nor the federal constitution requires a close similarity or proportionality in penalties solely because both crimes deal with sexual immorality. That the penalty which can be imposed upon one convicted of committing a crime against nature reveals that a crime against nature is considered a more serious offense than is prostitution, does not render the penalty provision unconstitutional. Considering the variety of misconduct which would satisfy the definition of crime against nature, we do not find the range of penalties provided (there is no mandatory minimum) to be cruel, unusual or excessive. The sentencing judge is free to exercise his discretion to match the sentence imposed to the crime and the person convicted.
As to the particular sentence imposed in this case, we find no abuse of the judge's discretion. As a second felony offender (her first felony offense being theft), defendant faced a range of sentence under La.R.S. 15:529.1 as applied to her conviction under La.R.S. 14:89 of a minimum of 20 months imprisonment to a maximum of 10 years imprisonment. The three year sentence defendant received is near the minimum within that range, and we do not find it cruel, unusual or excessive.
Accordingly, we affirm defendant's sentence.
AFFIRMED.
NOTES
[1] On November 29, 1984, the trial judge granted defendant's motion for appeal and set a return date of January 28, 1985. The record was lodged in this court on October 27, 1986. Defense counsel filed an assignment of error and a brief on April 2, 1987. The state filed its brief July 7, 1987.
[2] Although defendant's sentence is based upon and necessarily affected by her being a second felony offender under La.R.S. 15:529.1, we here consider the merits of defendant's arguments as if her sentence were based upon only her conviction for violating La.R.S. 14:89.