PLOTKIN, Judge.
The sole issue in this appeal is whether a trial judge’s instruction to the jury that oral sex is equivalent to unnatural carnal copulation and reference to prior appellate opinions constitutes reversible error.
The defendant, Gregorianna T. Krough, was charged with violation of LSA-R.S. 14:89(A)(2), crime against nature by solicitation. After the jury found her guilty, she was sentenced to six months at hard labor and ordered to pay $161.50 in court costs or serve an additional 30 days in jail. *104 The sentence was ordered to run concurrently with the sentence in case # 346-798.
The facts of the case are undisputed. On January 15, 1990, a New Orleans police officer, Lt. David Skevington, was cruising the streets in an undercover capacity, making himself available for prostitution “dates.” In the course of his work, he encountered the defendant.
After a brief conversation, the defendant stated: “I’ll give you a blow job for $30.” She was immediately arrested and charged with a crime against nature by solicitation.
The defendant argues that the district court erred in his instruction relative to the definition of the charge of unnatural carnal copulation. L.R.S. 14:89 defines crime against nature as follows:
(1) The unnatural carnal copulation by a human being with another of the same or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation. (Emphasis added)
The district court instructed the jury as follows:
The offense of crime against nature is committed by unnatural carnal copulation through the use of genital organ of one of the participants. The placing of one person’s mouth upon the penis of another person has been held to constitute a crime against nature under our law.
The defendant timely objected to this charge and now asserts that the judge commented on the facts of the ease by characterizing oral sex as unnatural carnal copulation, effectively directing a verdict for the State since the jury charge resolved the only factual issue because the jury was told that oral sex is equivalent to unnatural carnal copulation.
The State argues that the challenged comment did not amount to a comment on the evidence and that the trial judge is entitled to give illustrations or examples to assist the jury in understanding the legal precepts. State v. Deboue, 552 So.2d 355 (La.1989).
Louisiana has adopted a policy prohibiting trial judges from charging the jury concerning the facts of the case and from commenting on those facts. La.C.Cr.P. art. 806 reads as follows:
The court shall not charge the jury concerning the facts of the case and shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
This is consistent with the legislative policy which prohibits trial judges from commenting on facts in the jury’s presence. L.C.Cr.P. art. 772 states as follows:
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
The reasons for this policy are based on the belief that any party to a dispute over a material fact is entitled to have a jury decide that issue. This is unquestionably true in a criminal case where the factfinder determines the defendant’s guilt or innocence. These types of facts are called “adjudicative facts.” R. Keeton, Legislative Facts and Similar things: Deciding Disputed Premise Facts, 73 Minn.L.Rev. 1 (1988).
Adjudicative facts, in jury trials, are determined by the jury, without verbal or nonverbal influence from the trial judge. The judge merely acts as an impartial referee, presiding above the litigants, while regulating the flow of evidence and instructing the jury appropriately. The goal *105 is to insure that the jury, not the judge, is the impartial fact finder of the defendant’s guilt or innocence. Deboue.
A narrow exception to the rule applies when the trial judge instructs the jury on the applicable law and uses a legally-correct example. Deboue.
In State v. Prutt, 449 So.2d 154 (La.App. 4th Cir.1984), we held that the determination of whether oral sex between man and woman is unnatural is a factual question to be decided by the fact finder.
In this case, the challenged instruction constituted a direct comment on the evidence and did not fall within the limited exception. It did not assist the jurors to understand the legal concept concerning the definition of crime against nature. The court’s illustration was a direct factual finding, amounting to a directed verdict for the State. Under the circumstances of this case, the trial court’s telling the jury that heterosexual fellatio constitutes unnatural carnal copulation as a matter of law was a comment on the facts at issue. Additionally, it conveyed the fact that unnatural carnal copulation was proven by the State. The definition used violated the provisions of La.C.Cr.P. art. 806.
The district court further erred in the law charge when it used the language, “has been held to constitute a crime against nature under our law.” The judge’s duty is to charge the jury on the correct law applicable to the case before the court. When the court refers to other cases holdings, whose facts and issues are unknown, the jurors are robbed of their decision-making role. The force of the law charge is enhanced in the minds of the jury. It signals the jury that other higher courts have approved or ratified the legal principle charged. It implies that the decision of the other courts, in those similar cases, controls the facts in the case before the jury.
In civil cases, lawyers are prohibited from referring to prior reported appellate opinions in their closing arguments because they are calculated to arouse the jury’s passion and prejudice. Reese v. Winn-Dixie of La., Inc., 542 So.2d 68 (La.App. 3rd Cir.1989).
In this case, when the court attempted to define and illustrate the definition of a crime against nature, it commented on material facts in dispute. The average juror is unable to understand a distinction between the court’s language that a certain factual situation “has been held to constitute a crime” and a legal conclusion that the factual dispute does constitute a crime. The jury charge in this case removed the adjudicative fact determination of whether oral sex between heterosexuals is “unnatural” from the jury.
We conclude that the erroneous jury charge was unduly prejudicial and harmful to the defendant and contributed to his conviction. The conviction and sentence is reversed and vacated. The case is remanded for a new trial.
REVERSED AND VACATED; REMANDED FOR NEW TRIAL.