JjBYRNES, Judge.
STATEMENT OF THE CASE
Defendant Daryl Bullock was charged with solicitation for crime against nature, a violation of La. R.S. 14:89(2). Pursuant to a judge trial defendant was found guilty of attempted [solicitation for] crime against nature on March 3, 1999. The trial judge denied defendant’s motion in arrest of judgment on June 14, 1999. Defendant waived all legal delays and was sentenced to thirty months at hard labor, with credit for time served. The trial judge denied defendant’s motion to reconsider sentence, but granted his motion for appeal. The State filed a habitual offender bill of information, to which defendant pleaded not guilty. On June 21, 1999, the trial judge adjudicated defendant a third-felony habitual offender. The court vacated the original sentence and resentenced defendant under the provisions of La. R.S. 15:574.5 to thirty months at hard labor, with credit for time served. The trial judge incorporated the habitual offender proceeding into defendant’s appeal.
*126 1 ¿FACTS
New Orleans Police Officer Michael Lohman testified that on December 17, 1998, at approximately 12:30 a.m., he was working with the Vice Crimes Unit when he observed defendant, clothed in a gray dress and orange coat, walking on North Claiborne Avenue. Officer Lohman pulled his vehicle over to the sidewalk, whereupon defendant approached him, opened the front passenger door, and inquired if he was a police officer. Officer Lohman assured him he was not a police officer, at which time defendant entered the passenger seat and introduced himself as Celeste. Defendant asked Officer Lohman what he was looking for, and the officer replied that he was looking for a good time. Defendant directed the officer to drive around, looking out of the rear window as they drove, and asking the officer several more times if he was a police officer. Defendant directed the officer to park in the 1300 block of Treme Street, and asked him to prove he was not a police officer by exposing his genitals. Officer Lohman complied, then defendant exposed his breasts and asked the officer to touch his right breast, which the officer did. Defendant asked the officer how much he wanted to spend, and told him he was not going to quote a price, that the officer would have to do that. Officer Lohman said five, and defendant motioned upward with his right thumb and hand. Officer Lohman continued to increase his offer in five-dollar increments until defendant agreed upon twenty dollars by nodding his head up and down. Officer Lohman asked defendant what he would get for twenty dollars, and defendant replied, “Head,” which, Officer Lohman testified, meant oral copulation. At that point, Officer Lohman signaled the arrest team, which moved in and arrested defendant.
13Pefendant, who testified that his full name was Daryl Denise Bullock, said that on the evening in question he was attempting to hail a taxi when a vehicle pulled over. He said he asked the driver if he could pay him to take him home, and the driver agreed. Defendant got into the vehicle and they drove approximately three blocks before being stopped by police. He said he was removed from the car and informed he was under arrest for crime against nature. Defense counsel asked defendant if he discussed any sexual activity with the officer, and defendant replied that the officer never asked him for sex, but did tell defendant he was looking for “some comfort or some relaxation.” Defendant said he never offered to quote the officer a price for sex or said anything about sex. Defendant subsequently said that he did not remember Officer Lohman, who had just testified, maintaining that he had never seen him before.
Defendant denied on cross examination that he had ever called himself “Celeste.” He said he always called himself “Lady Denise.” He admitted a prior conviction for [solicitation for] crime against nature, admitted his guilt for that crime, and acknowledged that he was aware of what crime against nature was. He said he was a cocaine addict at the time of that prior arrest, but said at the time of his arrest for the instant offense he was working at Burger King, and had $200 on his person when arrested.

ERRORS PATENT AND ASSIGNMENT OF ERROR NO. 6

A review of the record reveals no errors patent which are not reviewed below as assignments of error.[1]
*127 | ¿ASSIGNMENT OF ERROR NO. 1
By his first assignment of error, defendant claims that the trial court erred in denying his motion in arrest of judgment, asserted on the ground that the offense charged was not punishable under a valid statute.
La.C.Cr.P. art. 859(2) provides for the arrest of judgment on the ground that “[t]he offense charged in not punishable under a valid statute.” Defendant was charged with violating La. R.S. 14:89 A(2). La. R.S. 14:89 provides:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
Defendant cites this court’s decision in State v. Smith, 97-1393 (La.App. 4 Cir. 2/9/99), 729 So.2d 648, unit granted, 99-0606 (La.6/25/99), 746 So.2d 612, holding that La. R.S. 14:89 A(l) “is an unconstitutional infringement upon the right to privacy to the extent it criminalizes the performance of private, consensual, noncommercial acts of sexual intimacy between individuals who are legally capable of giving their consent.” 97-1393 at p. 12, 729 So.2d at 654. This court’s narrow decision in Smith as to La. R.S. 14:89 A(l) does not apply to this prosecution pursuant to La. R.S. 14:89 A(2). In State v. Baxley, 93-2159 (La.App. 2/28/94), 633 So.2d 142, the Louisiana Supreme Court stated that if either La. R.S. 14:89 A(1) or (2) were held unconstitutional, “the remaining portion could be severed from the offending portion.” 633 So.2d at 145.
Smith was based on La. Const. art. I, § 5, the right to privacy clause of the Louisiana Constitution. However, in Baxley, the Louisiana Supreme Court explicitly recognized that there is no protected right to privacy in public, commercial sexual conduct, the type of activity defendant in the instant case was charged with. Baxley at 145.Defendant cites no other jurisprudence holding that La. R.S. 14:89 A(2) is unconstitutional as applied to him.
Statutes are presumed valid and their constitutionality should be upheld whenever possible. State v. Hart, 96-0599 (La.1/14/97), 687 So.2d 94. The party challenging the constitutionality of the statute bears a heavy burden in proving the statute to be unconstitutional. State v. Wilson, 96-1392, 96-2076 (La.12/13/96), 685 So.2d 1063.
State v. Chester, 97-2790, p. 8 (La.12/1/98), 724 So.2d 1276, 1282, cert. denied, Chester v. Louisiana, 528 U.S. 826, 120 S.Ct. 75, 145 L.Ed.2d 64 (1999).
Defendant has failed to prove that La. R.S. 14:89 A(2) is unconstitutional as applied to him and, thus, has failed to prove that the offense charged was not punishable under a valid statute. The trial court properly denied the motion in arrest of judgment.
There is no merit to this assignment of error.
| ^ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant claims that the evidence is insufficient to establish the elements of the offense of solicitation for crime against nature.[2]
*128 This court set out the well-settled standard for reviewing convictions for sufficiency of the evidence in State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of act could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mus-sall ; Green; supra. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
L98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
Conviction for violation of La. R.S. 14:89 A(2) requires proof beyond a reasonable doubt that defendant (1) solicited another with the intent to engage in any unnatural carnal copulation, and (2) [in exchange] for compensation. State v. Wallace, 466 So.2d 714, 716 (La.App. 4 Cir. 1985). Defendant simply argues that the evidence is insufficient to establish that he solicited Officer Lohman, averring that he entered Officer Lohman’s vehicle at the invitation of Officer Lohman; Officer Loh-man “asked for a ‘good time;’ ” Officer Lohman asked how much it would cost him; and it was Officer Lohman who named the price.
Officer Lohman testified that, after he pulled his vehicle over near where defendant was walking, defendant approached his vehicle, opened his passenger door, asked if he were a police officer, and entered the car after being assured by Officer Lohman that he was not. The officer admitted that defendant asked the officer what he was looking for, and he replied a “good time.” However, defendant directed the officer to park, then asked him to expose his genitals and to touch defendant’s breast to prove he was not a police officer. Defendant initiated the subject of compensation by asking Officer Lohman how much he wanted to spend. Defendant also stopped Officer Lohman when he reached the figure of twenty dollars, signifying that he would show the officer a “good time” for twenty dollars. Defendant said he would give the officer “head” for *129 the twenty dollars. Defendant’s testimony was that defendant invited him into the vehicle after he asked the officer if he could pay him for a ride home. Defendant denied ever talking about sex.
1 ¿Testimony by the undercover officer alone is sufficient to support a conviction for a violation of La. R.S. 14:89 A(2). State v. Pruitt, 482 So.2d 820 (La.App. 4 Cir.1986), unit denied, 488 So.2d 1018; State v. Williams, 450 So.2d 724 (La.App. 4 Cir.1984). Viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of solicitation for crime against nature present beyond a reasonable doubt.
There is no merit to this assignment of error.

ASSIGNMENTS OF ERROR NOS. 3 & 4

By these assignments of error, defendant claims that the trial court erred in finding defendant guilty of attempted solicitation for crime against nature, submitting that the verdict was not responsive to the charged offense, as there is no such offense.[3]
When the trial court found defendant guilty of attempted crime against nature, defense counsel failed to object in any way, as required by the contemporaneous objection rule, La. C.Cr.P. art. 841(A), even though the State objected that the verdict was illegal. The issue of the legality of the verdict was before the court, and it is obvious that defense counsel did not object because the verdict of attempt favored his client. Defense counsel filed a motion in arrest of judgment subsequent to sentencing, raising only the issue that the offense charged was not punishable under a valid statute. Defense counsel could have also asserted in his motion in arrest of judgment that the verdict was not responsive to the | flindictment, pursuant to La.C.Cr.P. art. 859(5). Defense counsel did not do so. Ordinarily, a non-responsive verdict is considered to be an error patent on the face of the record, reviewable on appeal despite the absence of an objection during trial. State v. Mayeux, 498 So.2d 701, 702 (La.1986); see also La.C.Cr.P. art. 920(2). All of the grounds set forth in the motion in arrest of judgment are considered to be errors patent on the face of the record. See State v. Butler, 331 So.2d 425, 427 (La.1976).
In the instant case, trial counsel did not simply fail to contemporaneously object to the verdict now alleged to have been non-responsive, he implicitly concurred in that verdict, in the face of an objection by the State that the verdict was illegal. Defense counsel did not raise the issue in his subsequent motion in arrest of judgment. Appellate counsel now claims the verdict was reversible error, and seeks defendant’s release from custody and a bar from prosecution on the grounds of double jeopardy. Under these circumstances, this court should not review these assignments of error.
There is no merit to these assignments of error.

ASSIGNMENT OF ERROR NO. 5

By his last assignment of error, defendant claims that the trial court erred in finding him a third-felony habitual offender, as one of his predicate convictions was for solicitation for crime against nature, a crime that defendant alleges is no longer a crime, having been declared unconstitutional. As discussed above, there is no reported jurisprudence holding that La. R.S. 14:89 A(2) is |inunconstitutional. Although this court held in State v. Smith, 97-1393 (La.App. 4 Cir. 2/9/99), 729 So.2d 648 that La. R.S. 14:89 A(l) “is an unconstitutional infringement upon the right to privacy to the extent it criminalizes the performance of private, consensual, non *130 commercial acts of sexual intimacy between individuals who are legally capable of giving their consent,” for the reasons discussed above, that decision does not render La. R.S. 14:89 A(2) without legal effect.
There is no merit to this assignment of error.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED.

. While defense counsel asserts that the failure to advise defendant of his right to seek post conviction relief as set forth in La.C.Cr.P. art. 930.8(C) is an error patent, this court has held that this is not an error patent requiring action by this court. State v. Anderson, 99-1407, p. 6 (La.App. 4 Cir. 1/26/2000), 753 So.2d 321, 325, citing State ex rel. Glover, 93-2330, p. 21 (La.9/5/95), 660 So.2d 1189, 1201 (La.C.Cr.P. art. 930.8(C) "is merely a directive to the trial courts, the violation of which does not bestow an enforceable right in favor of an individual defendant”).

. Defendant does not argue that the evidence is insufficient to sustain his conviction for attempted solicitation, preferring to attack the judgment of guilt in Assignments of Error Nos. 3 & 4.

. Although the general rule is that, if the evidence adduced at trial was sufficient to support a conviction of the charged offense, any responsive verdict is authorized, that presumes a legally responsive verdict. See State v. Harris, 97-2903, p. 8 (La.App. 4 Cir. 9/1/99), 742 So.2d 997, 1001-1002, writ denied, 99-2835 (La.3/4/00), 758 So.2d 146.