I, Judge STEVEN R. PLOTKIN.
INTRODUCTION
The issues in this appeal are was there ineffective assistance of counsel, was the sentence excessive, and was there sufficient evidence to establish defendant’s guilt.
PROCEDURAL HISTORY
Defendant was charged by bill of information with crime against nature by solicitation. Defendant pled not guilty and waived motions. Three days later a six person jury found Moore guilty as charged. He was sentenced to five years. Initially the State filed a multiple offender bill of information alleging that Moore was a quadruple offender, and subsequently the State filed a superseding bill alleging that the defendant was a second offender, having previously been convicted of possession with the intent to distribute ecstasy in 1991. Defendant pled guilty to the bill and was sentenced to ten years at hard labor. The court denied the motion to reconsider the sentence.
*759 STATEMENT OF FACTS
The arresting officer, Vincent Provenza-no, a member of the Vice Crimes Section of the New Orleans Police Department testified that on May 3, 2000 he |¿was patrolling an area described as the Lower Quarter bounded by Esplanade Avenue, St. Claude Street, and the Mississippi River, in an undercover capacity. Provenzano testified that while in the 600 block of Esplanade the defendant flagged him down and asked for a ride. After getting into the vehicle, Moore attempted to assure himself that Provenzano was not a police officer, and, once assuaged, he inquired if Provenzano wanted him to perform oral sex. After Moore established that it would cost fifty dollars, Provenzano alerted other units who arrested the defendant.
The defense presented one witness, Dr. Rafael Salcedo, who was qualified without objection as an expert in forensic psychology and human sexual behavior. Salcedo testified that oral sex among gay men is what is natural and normal. On cross-examination, Salcedo admitted though that he did not know whether the defendant was homosexual or not.

ERRORS PATENT

A review of the record shows no errors patent.

ASSIGNMENT OF ERROR NUMBER 1

In his first assignment of error defendant alleges that his counsel was ineffective for failing to request an admonition or move for a mistrial after his objection to the prosecutor’s remark during closing was sustained. The prosecutor stated that “oral sex has been deemed unnatural through court interpretation”. La.C.Cr.P. art 775 provides in pertinent part that “upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial 13conduct in or outside the courtroom makes it impossible for the defendant to obtain a fan-trial, or when authorized by Article 770 or 771.”[1]
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir. 1986).
A defendant’s claim of ineffective assistance of counsel is to be assessed by a two-part test: the defendant must show that counsel’s performance was deficient and that the deficiency prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the counsel guaranteed to the defendant by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient *760 to undermine confidence in the outcome.” Strickland, 466 U.S. at 693, 104 S.Ct. at 2068. If an alleged error falls | ¿‘‘within the ambit of trial strategy” it does- not “establish ineffective assistance of counsel” State v. Bienemy, 488 So.2d 1105 (La.App. 4 Cir.1986).
Moore contends that the prosecutor’s remark was prejudicial. In State v. Krogh, 597 So.2d 103 (La.App. 4 Cir.1992) the judge instructed the jury that “[t]he placing of one person’s mouth upon the penis of another person has been held to constitute a crime against nature under our law,” Id. at 104. This Court reversed the conviction finding the judge’s instruction had the effect of removing the “unnatural” element of the crime from the jury’s consideration, and that by so instructing the jury, the judge had commented on the facts of the case in contravention of La. C.Cr.P. art. 805.[2]
In the instant case the following dialogue transpired during the prosecutor’s closing argument:
Mr. Evans:
Now, the term “oral sex” doesn’t appear in the statute. But it’s deemed to be unnatural, through court interpretation.
Mr. Meyer:
Judge, I’m going to object to that. That’s not — that’s totally irrelevant, and it is not true.
The Court:
I’ll sustain that objection as to “court interpretation” he’s objecting to.
Mr. Evans:
Yes, your Honor.
| sThis court will not address whether counsel was deficient for failing to request a mistrial, as that determination would question trial strategy. Counsel may well have considered the prospects for an acquittal to be high and decided to forego the possibility of ending the case in a mistrial. However, the failure to request an admonition is less circumscribed. In the instant case, the trial court sustained the objection, specifically as to the “court interpretation” immediately following counsel’s remark that the statement was not true. Under these circumstances, counsel could have made a reasonable assumption that his objection, coupled with the court’s affirmation, was sufficient to cure any prejudice caused by the prosecutor’s statement. Accordingly, counsel was not deficient in failing to request an admonition.
Furthermore, the trial court correctly instructed the jury that “[t]he term ‘unnatural carnal copulation’ is defined as follows: Unnatural refers to that which is contrary to the order of nature. Carnal defined (sic) as the appetites to the body and its appetites impure or sexual. Copulation, copulation involves any act of sexual union.” The judge also charged the jury as follows: “You are the judges of the law as given to you by the Court and apply it to evidence admitted during this trial.” The trial judge also allowed Dr. Salcedo to testify regarding what is considered to be “unnatural”. Given the court’s instructions to the jury, the court’s affirmative response to the objection, and the testimony of Dr. Salcedo, the defendant can not establish prejudice. Accordingly, even assuming counsel’s failure to request an admonition, or for that matter a mistrial, was *761 deficient, the error would not constitute ineffective assistance of counsel.
PRO SE ASSIGNMENT OF ERROR NO. 1
Defendant contends that his counsel was ineffective for waiving all prejtrial6 motions, for counseling him against testifying, and for failing to adequately investigate the case. Defendant states he could have provided witnesses to establish his innocence.
The record contains sufficient information to rule on the merits of the defendant’s claim that his counsel was ineffective for failing to pursue motions in the case; however the record does not support his assertions. No evidence was seized; there was no confession, nor was there a line-up, show-up or photographic line-up. Accordingly, there was no basis to file any pretrial motions with the exception of a motion for a preliminary hearing, and, as there was probable cause to arrest the defendant, the failure to file such a motion was not deficient. Furthermore, “the filing of pretrial motions is squarely within the ambit of the attorney’s trial strategy, and counsel is not required to engage in efforts of futility.” State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671.
Regarding the assertion that counseling defendant against testifying constituted ineffective assistance of counsel, it is clear that such advice was not without merit in light of defendant’s extensive criminal history. Had defendant in fact testified, a claim could equally be raised as to the failure to advise against testifying. This claim clearly falls within the realm of trial strategy as well.
As to defendant’s remaining assertion that his attorney failed to properly investigate his case, Moore contends he could have provided witnesses. Defendant does not, however, state what testimony these unidentified witnesses would have provided. Accordingly, even assuming that the assertions are true, defendant has failed to establish that he was prejudiced.
1 ^ASSIGNMENT OF ERROR NO. 2
Defendant contends that his sentence of ten years, the maximum penalty he could receive as second offender, is excessive and that the trial court failed to adequately comply with the provisions of La.C.Cr.P. art. 894.1.
La. Const, art. I, § 20 prohibits excessive sentences. State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Brady, 97-1095 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1272, rehearing granted on other grounds, (La.App. 4 Cir. 3/16/99); State v. Francis, 96-2389 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley, 656 So.2d at 979, citing State v. Ryans, 513 So.2d 386, 387 (La.App. 4 Cir.1987). A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 677; State v. Webster, 98-0807 (La.App. 4 Cir. 11/10/99), 746 So.2d 799, 801. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 656 So.2d at 979; State v. Hills, 98-0507 (La. App. 4 Cir. 1/20/99), 727 So.2d 1215, 1217.
*762 La.C.Cr.P. art. 894.1 specifically requires the trial court to “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” However, articulation of the factual basis for a sentence, not rigid or mechanical compliance with its provisions, is the goal of Art. 894.1. IsWhere the record clearly demonstrates an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Thus, a failure to comply with La. C. Cr. P. art. 894.1 does not render the sentence invalid if the sentencing choice is clearly supported by the record and reflects that the sentence is not excessive. State v. Smith, 430 So.2d 31 (La.1983); State v. Scott, 593 So.2d 704, 711 (La.App. 4 Cir.1991).
Moore was convicted of La. R.S. 14:89(A)(2) which provides for a fine of no more than $2,000 or imprisonment, with or without hard labor, for not more than five years or both a fine and imprisonment. He was sentenced to the maximum prison term. After pleading guilty to the multiple offender bill of information, he was sentenced to ten years imprisonment, again the maximum sentence. The sentencing transcript from the initial sentencing hearing reflects the trial court based the imposition of the maximum sentence on the defendant’s criminal history. Defendant contends that because most of his previous offenses are either theft related or a narcotics violation that he is not deserving of a maximum sentence.
Prior to sentencing, the trial court ordered that a pre-sentence investigation be conducted, which is part of the record. The report reflects that since 1988 defendant has been arrested for no less than nineteen separate offenses, including three separate convictions for simple burglary and the aforementioned possession with intent to distribute ecstasy. Although the latest of these serious offenses was committed in 1990, the presentence report reflects that since being released from prison in 1994 and prior to the instant offense, defendant was convicted of criminal trespassing, simple assault and stalking in one case in Slidell, Louisiana in 1994 |gand sentenced to time served. He was arrested for theft in Jefferson Parish in February 1995. In March of 1995, he was arrested and subsequently convicted in three separate cases for injuring public records, possession of stolen property, and theft. In 1997, Moore was arrested five separate times; however, none of these offenses resulted in a conviction. In 1998, the defendant was arrested four times. In Orleans Parish, Moore was sentenced to time served for simple battery, theft, and possession of marijuana. In Jefferson Parish in case no. 98-5287 he was convicted of battery of a police officer, and in case no. 98-5286 he was convicted of theft of goods and sentenced to one year. The trial court’s conclusion that a maximum sentence was warranted is justified by the likelihood of future criminal activity by defendant and defendant’s need for a custodial environment.

PRO SE ASSIGNMENT OF ERROR NO. 2

Defendant alleges that the evidence was insufficient to establish his guilt as the state failed to submit evidence in the form of a video or audio tape of the events. However, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Marshall, 99-2176, p. 12 (La.App. 4 Cir. 8/30/00), 774 So.2d 244, 252. There is no requirement that the state introduce audio or video tapes of the events, even if it were in its power to do *763 so. It is clear that the jury found Det. Provenzano’s testimony credible.

ASSIGNMENT OF ERROR NO. 3

By way of a supplemental brief, defendant claims that the evidence is insufficient to establish the elements of the offense of solicitation for crime against nature.
This court set out the standard for reviewing convictions for sufficiency of | inthe evidence in State v. Ragas, 98-0011 (La. App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of act could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mus-sall; Green; supra. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
Conviction for violation of La. R.S. 14:89 A(2) requires proof beyond a reasonable doubt that defendant (1) solicited another with the intent to engage in any unnatural carnal copulation, and (2) in exchange for compensation. State v. Wallace, 466 So.2d 714, 716 (La.App. 4 Cir.1985). Defendant contends that because he produced testimony that oral sex between homosexuals is natural, and that because the state failed to rebut this testimony, the state failed to establish his guilt beyond a reasonable doubt. In State v. Pruitt, 482 So.2d 820 (La.App. 4 Cir.1986), this Court addressed the identical claim and found the argument without merit stating:
The jury was not bound to follow the expert testimony presented by [defendant]; a fact-finder is free to accept or reject the conclusions of Inan expert witness. State v. Myles, 432 So.2d 1018 (La.App. 1st Cir.1983). Furthermore, an expert must not take the place of the jury in determining an ultimate fact in a case.[Although the State or a defendant may chose to present expert testimony to aid the fact-finder’s determinations, an expert’s opinions may always be disregarded. The jurors could, and apparently did, rely upon common knowledge and experience in finding that the State proved each element of the crime beyond a reasonable doubt. We are unwilling to say that the jury’s verdict was erroneous.
Id. at 823.
This Court’s previous analysis is equally persuasive in the present case. There is sufficient evidence to establish that Moore engaged in the offense of crime against nature by solicitation.

*764
CONCLUSION

For the foregoing reasons, we find that defendant’s counsel was not ineffective in counseling Moore not to testify and in waiving pre-trial motions. Further, the sentence of ten years was not excessive and the evidence was sufficient to establish defendant’s guilt.
Therefore, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Neither La.C.Cr.P. art 770 or 771 are impli-caled here.

. La.C.Cr.P. art. 805 provides:
The court shall not charge the jury concerning the facts of the case and shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.